IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02483-BNB

KPODON PATTERSON,

    Plaintiff,

v.

SAINT JOSEPH'S HOSPITAL,
SISTERS OF CHARITY LEAVENWORTH,
SISTERS OF CHARITY HEALTH SYSTEM,
EXEMPLA HEALTH CARE, and
KAISER PERME,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kpodon Patterson, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Patterson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Patterson will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Complaint and finds that the Complaint is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Patterson fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Patterson fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Construing the Complaint liberally, it appears that Mr. Patterson may be asserting a medical malpractice claim against Defendants pursuant to the court's diversity jurisdiction. *See* 28 U.S.C. § 1332. If that is correct, Mr. Patterson should list that

statute in the jurisdiction section of the amended complaint he will be ordered to file. If Mr. Patterson intends to assert jurisdiction pursuant to some other statutory authority, he must identify that statutory authority in his amended complaint.

Furthermore, if Mr. Patterson does invoke diversity jurisdiction pursuant to § 1332 in his amended complaint, he must allege sufficient facts to demonstrate that diversity jurisdiction is appropriate. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Therefore, Mr. Patterson must allege facts that demonstrate both complete diversity of citizenship between the parties, *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (stating that a federal court has diversity jurisdiction under § 1332(a)(1) to entertain state law claims only when "*each* defendant is a citizen of a different State from *each* plaintiff" and that "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant"), and that the amount in controversy exceeds $75,000.00.

Mr. Patterson also fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to allege specific facts in support of the medical malpractice claim he is asserting. Mr. Patterson is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Patterson file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Patterson shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov). It is

FURTHER ORDERED that, if Mr. Patterson fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED September 19, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge